IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLOIRDA
CIVIL DIVISION

KELLY SUNDAY,
    Plaintiff,
v.                                                                 Case No.:

PIPO'S TO GO III, INC.,
a Florida Profit Corporation
dba Pipo's : The Original Cuban Cafe
and
E. WILLIAM BUTLER as Trustee of
JOHN W. MESSMORE CHARITABLE
REM. UNITRUST,

UNKNOWN DEFENDANT #1
    Defendant(s),
_____/

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF,
AND DEMAND FOR JURY TRIAL, PRESERVATION OF EVIDENCE AND
INSPECTION**

Plaintiff KELLY SUNDAY by and through undersigned counsel hereby sues Defendants PIPO'S TO GO III, INC., a Florida profit corporation dba Pipo's: The Original Cuban Café, and E. WILLIAM BUTLER as Trustee of JOHN W. MESSMORE CHARITABLE REM. UNITRUST jointly and severally, and Unknown Defendant #1, and alleges as follows:

**Introduction**

1.     Plaintiff brings this action to stop the marginalization of mobility impaired patrons and otherwise end such ongoing civil rights violations that Defendant PIPO'S TO GO III, INC., a Florida profit corporation dba Pipos: The Original Cuban Cafe (hereinafter "Pipo's") and E. WILLIAM BUTLER as Trustee of JOHN W. MESSMORE CHARITABLE REM. UNITRUST (hereinafter "Messmore"), jointly and severally, has/have committed against persons with disabilities by seeking temporary and permanent injunctive relief to correct

1

Defendants' policies and practices to include measures necessary to ensure compliance with State and Federal laws such that Plaintiff and others similarly situated can readily and effectively access, equally, and fully enjoy, all of the rights and privileges vital to public life, and/or otherwise access Defendant's property (defined below) without unnecessary and unlawful barriers, impediments, hindrances, difficulties, blockages, prohibitions, deterrents, hurdles, discrimination, obstacles, disadvantages, and encumbrances.

### JURISDICTION/VENUE/PARTIES/DEMANDS

2. This action is commenced pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter "ADA"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), in conjunction and alternatively with Chapter 553 of the Florida Statutes, commonly known as the Florida Americans with Disabilities Accessibility Implementation Act (hereinafter "FL ADAIA"), and/or Chapter 86 of the Florida Statutes.

3. This Court has subject matter jurisdiction over this action pursuant to § 34.01 of the Florida Statutes for claims arising under the ADA, ADAAG, FL ADAIA, and/or §86.011, Fla. Stat. Conjunctively and/or alternatively, the U.S. District Court for the Middle District of Florida has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under the ADA.

4. Venue is proper pursuant to § 47.011 of the Florida Statutes because it is the county where the Defendant(s) reside(s), where the cause of action accrued, and/or the situs of the property that is the subject of this action. Conjunctively and/or alternatively, venue is proper in the Middle District of Florida, pursuant to 28 U.S.C. § 1391. Assignment to the Tampa Division is appropriate pursuant to Rule 1.02 of the Local Rules of the United States District

Court because it is the county having the greatest nexus with the action, with due regard to where the cause of action accrued and the situs of the subject property.

5. Plaintiff KELLY SUNDAY resides in Pinellas County, Florida, is *sui juris* and disabled or qualified disabled, as defined by the ADA, ADAAG, and FL ADAIA (hereinafter "Plaintiff").

6. Plaintiff suffers from disability as defined by the ADA and FL ADAIA due to mobility impairment, including but not limited the use of mobility devices, has limited use of her hands and cannot grip, twist, or grasp without assistance, and is unable to adequately traverse obstacles and/or walk without assistance as a result of advanced Parkinson's Disease.

7. Defendant Pipo's conducts and/or transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court.

8. Defendant Messmore conducts and/or transacts business under the laws of the state of Florida, and otherwise operates within the jurisdiction of this Court.

9. Defendant Pipo's is the owner, lessee, lessor and/or operator of Commercial property and improvements, commonly known as Pipo's: The Original Cuban Cafe, located at 9531 Bay Pines Blvd., St. Petersburg FL 33708 (hereinafter "Property").

10. Defendant Messmore is the owner, lessee, lessor and/or operator of commercial property and improvements, commonly known as Pipo's: The Original Cuban Cafe, located at 9531 Bay Pines Blvd., St. Petersburg FL 33708 (hereinafter "Property").

11. The ADA, ADAAG and FL ADAIA require companies providing services to the general public to make their services equally, fully, and independently accessible to people with disabilities, such as the Plaintiff.

12. Pursuant to Rule 1.430 of the Florida Rules of Civil Procedure, Plaintiff demands

trial by jury on all such justiciable issues alleged herein. Conjunctively and/or alternatively, Plaintiff demands trial by jury on all such justiciable issues alleged herein pursuant to Rule 38 of the Federal Rules of Civil Procedure.

13. Pursuant to Rule 1.380 of the Florida Rules of Civil Procedure and/or Rule 37 (e) of the Federal Rules of Civil Procedure, Plaintiff demands that the Defendants Pipo's and Messmore and its predecessors, successors, parents, subsidiaries, divisions, affiliates, and any other related entity, together with its respective officers, directors, agents, attorney's accountants, employees, partners or other persons occupying similar positions or performing similar functions, preserve Property, all documents, tangible things, and electronically stored information (hereinafter "ESI") relevant or potentially relevant to the issues in this action, including but not limited to the suspension of features of said Defendant's information systems and devices that in routine operation, operate to cause loss of relevant or potentially relevant ESI such as features that purge contents of email repositories by age, capacity, or other criteria, use of data wiping devices or services, over-writing, erasing or destroying back-up media, reassigning, reimaging or disposing of systems, servers, devices and content.

14. Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure and/or Rule 34 of the Federal Rules of Civil Procedure, Plaintiff seeks and is entitled to entry upon the Property for inspection and other lawful purposes.

15. Plaintiff will re-visit the subject Property within ninety (90) days after service of this Complaint to ensure ADA, ADAAG, and FL ADAIA compliance.

<b><u>Allegations Common to All Counts</u></b>

16. Unlike mobility and/or visually disabled individuals, a business, such as

Defendants Pipo's and Messmore can decide to create or benefit from a physical environment free of barriers, which is inclusive for all members of the public, including the Plaintiff, or instead create zones of discrimination that excludes persons with disabilities, such as Plaintiff, by failing to take readily achievable measures to provide accessibility and services to its Property.

17. As a resident of Pinellas County, Florida, Plaintiff frequents the Property and surrounding areas on a consistent basis.

18. On or about May 10, 2019, Plaintiff visited the Property and encountered Barriers at the Defendants' Property in violation of the ADA, ADAAG, and FL ADAIA, which includes but is not limited to:

   a. Inadequate handicapped parking;

   b. Missing or misplaced handicapped signage;

   c. Parking ramp not cut out;

   d. Payment counter too high;

   e. Women's restroom having inadequate space for wheelchair; mirror is not positioned properly; missing grab bars; sink basin is enclosed; sink basin raised; flusher incorrectly placed; door latch too high;

   f. Access to restrooms is restricted and/or obstructed;

   g. Property lacks proper directional signage.

19. Defendant Pipo's Property is a place of public accommodation within the definitions of the ADA, ADAAG, and FL ADAIA, and is not exempt.

20. Defendant Messmore's Property is a place of public accommodation within the definitions of the ADA, ADAAG, and FL ADAIA, and is not exempt.

21. Defendant Pipo's excludes mobility impaired people from its Property in

violation of the ADA, ADAAG, and FL ADAIA because it offers numerous goods, services, facilities, privileges, advantages, accommodations, amenities, and activities to most customers without disabilities. Specifically, non-disabled people access and fully enjoy the particular accommodations, amenities, goods and services offered by the Defendant; whereas, disabled people cannot.

22. Defendant Messmore excludes mobility impaired people from its Property in violation of the ADA, ADAAG, and FL ADAIA because it offers numerous goods, services, facilities, privileges, advantages, accommodations, amenities, and activities to most customers without disabilities. Specifically, non-disabled people access and fully enjoy the particular accommodations, amenities, goods and services offered by the Defendant; whereas, disabled people cannot.

23. Allowing persons otherwise excluded to be included, and to fully, independently enjoy and pursue life, liberty and happiness through equal access to goods, services, facilities, privileges, advantages, and accommodations is a core value in Florida. The lack of equal participation, for which Defendant Pipo's is charged herein, violates and disrupts fundamental concepts of Constitutional guarantees afforded to all persons seeking full, equal and independent access to reasonable accommodations without unlawful impediment, hindrance, barrier and segregation.

24. Allowing persons otherwise excluded to be included, and to fully, independently enjoy and pursue life, liberty and happiness through equal access to goods, services, facilities, privileges, advantages, and accommodations is a core value in Florida. The lack of equal participation, for which Defendant Messmore is charged herein, violates and disrupts fundamental concepts of Constitutional guarantees afforded to all persons seeking full, equal and

independent access to reasonable accommodations without unlawful impediment, hindrance, barrier and segregation.

25. Defendant Pipo's standards, business policies or methods of administration have a chilling effect, discriminatory effect, or perpetration of discrimination on the Plaintiff and a protected class of citizens.

26. Defendant Messmore's standards, business policies or methods of administration have a chilling effect, discriminatory effect, or perpetration of discrimination on the Plaintiff and a protected class of citizens.

27. Because of Defendant Pipo's denial of full and equal access to, and enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, Plaintiff and others similarly situated has suffered, and continues to suffer, an injury in fact, which is concrete and particularized, present, actual and a direct result of Defendant's conduct or omission.

28. Because of Defendant Messmore's denial of full and equal access to, and enjoyment of its goods, services, facilities, privileges, advantages, and accommodations, Plaintiff and others similarly situated has suffered, and continues to suffer, an injury in fact, which is concrete and particularized, present, actual and a direct result of Defendant's conduct or omission.

29. Readily achievable remedies exist without presenting undue hardship upon the Defendant Pipo's and with reasonably immediate remediation would provide equal offering to all, promote common purpose, and offer mutually beneficial opportunities.

30. Readily achievable remedies exist without presenting undue hardship upon the

Defendant Messmore and with reasonably immediate remediation would provide equal offering to all, promote common purpose, and offer mutually beneficial opportunities.

31. A direct nexus exists between the Defendant Pipo's and its Property because Defendant owns, operates, leases, leases to, operates, has a pecuniary interest in or is the beneficiary of, via contractual, licensing, or other arrangements, its Property and otherwise directly or indirectly attracts, entices, and solicits consumers to its Property, including individuals with disabilities such as Plaintiff.

32. A direct nexus exists between the Defendant Messmore and its Property because Defendant owns, operates, leases, leases to, operates, has a pecuniary interest in or is the beneficiary of, via contractual, licensing, or other arrangements, its Property and otherwise directly or indirectly attracts, entices, and solicits consumers to its Property, including individuals with disabilities such as Plaintiff.

33. Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA and Florida's congress incorporated and expanded this mandate when it enacted the FL ADAIA. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, and for which those barriers created by Defendant Pipo's at its Property are unlawful.

34. Congress provided a clear national mandate for the elimination of discrimination against individuals with disabilities when it enacted the ADA and Florida's congress incorporated and expanded this mandate when it enacted the FL ADAIA. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with

disabilities, and for which those barriers created by Defendant Messmore at its Property are unlawful.

35. Defendant Pipo's and Defendant Messmore are jointly and severally liable for violating the ADA, ADAAG and FL ADAIA, and for the injuries and damages caused.

36. Plaintiff has retained undersigned counsel to commence and prosecute this action to stop marginalization of disabled and/or qualified disabled persons committed by Defendant Pipo's which has violated those certain civil and unalienable rights protected by the Constitution of the United State of America, the Constitution of the State of Florida, together with further congressional enactments, including the ADA, ADAAG, and/or FL ADAIA, among others. Pursuant to statute, Plaintiff is entitled to immediate temporary and permanent injunctive relief to prevent the present, continued, and future discrimination and discriminatory practices so evidenced by Defendant Pipo's and its Property as described herein.

37. Plaintiff has retained undersigned counsel to commence and prosecute this action to stop marginalization of disabled and/or qualified disabled persons committed by Defendant Messmore which has violated those certain civil and unalienable rights protected by the Constitution of the United State of America, the Constitution of the State of Florida, together with further congressional enactments, including the ADA, ADAAG, and/or FL ADAIA, among others. Pursuant to statute, Plaintiff is entitled to immediate temporary and permanent injunctive relief to prevent the present, continued, and future discrimination and discriminatory practices so evidenced by Defendant Messmore and its Property as described herein.

38. Any and all conditions precedent to this action have been fulfilled, performed or waived; specifically, on or before May 20, 2019, the undersigned performed a diligent search of

online public records, and according to those records, the Defendants have not registered for remediation nor has been sued for violations described herein.

## COUNT I
### Civil Rights Violation of Title III of the Americans with Disabilities Act

39. Plaintiff realleges and incorporates paragraphs 1 through 38 as if fully set forth herein.

40. Pursuant to Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operated a place of public accommodation." 42 U.S.C. § 12182(a).

41. Public accommodations are prohibited from subjecting "an individual or class of individuals on the basis of a disability ... directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

42. In addition to Title III's prohibition of denial-of-participation, no public accommodation may "afford an individual or class of individuals, on the basis of disability ... directly, or through contractual licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

43. Separate is not equal and discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of

auxiliary aids and services[.]" 42 U.S.C. § 12182(b)(2)(A)(iii).  Defendant Pipo's disparate treatment of persons who are not disabled or qualified disabled from persons who are disabled or qualified disabled violate State and Federal law, and such discrimination must cease.

44. Separate is not equal and discrimination includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services[.]" 42 U.S.C. § 12182(b)(2)(A)(iii).  Defendant Messmore's disparate treatment of persons who are not disabled or qualified disabled from persons who are disabled or qualified disabled violate State and Federal law, and such discrimination must cease.

45. Defendant Pipo's Property is a place of public accommodation as defined by the ADA because it is, or is part of a place of exhibition, entertainment, sales or a rental establishment.

46. Defendant Messmore's Property is a place of public accommodation as defined by the ADA because it is, or is part of a place of exhibition, entertainment, sales or a rental establishment.

47. Defendant Pipo's, including its Property, failed to comply with ADA, and ADAAG in violation of general prohibition against discrimination for individuals with disabilities and the specific requirements concerning public accommodations.

48. Defendant Messmore, including its Property, failed to comply with ADA and ADAAG in violation of general prohibition against discrimination for individuals with disabilities and the specific requirements concerning public accommodations.

49. Unless the Court enjoins Defendant Pipo's from its engagement and

continued engagement in these discriminatory practices, Plaintiff and those similarly situated suffer and will continue to suffer irreparable harm.

50. Unless the Court enjoins Defendant Messmore from its engagement and continued engagement in these discriminatory practices, Plaintiff and those similarly situated suffer and will continue to suffer irreparable harm.

51. As a result of Defendant Pipo's wrongful conduct, Plaintiff, and those similarly situated, is/are entitled to injunctive relief pursuant to State and Federal law to remedy the discrimination. Pursuant to the ADA, Plaintiff's attorney is entitled to her reasonable attorney's fees, costs and litigation expenses.

52. As a result of Defendant Messmore's wrongful conduct, Plaintiff, and those similarly situated, is/are entitled to injunctive relief pursuant to State and Federal law to remedy the discrimination. Pursuant to the ADA, Plaintiff's attorney is entitled to her reasonable attorney's fees, costs and litigation expenses.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court prohibit Defendant(s) from spoliation of evidence pursuant to Rule 37(e) Federal Rules of Civil Procedure; require Defendant(s) to allow inspection of its Property pursuant to Rule 34 Federal Rules of Civil Procedure; grant trial by jury on all issues so justiciable pursuant to Rule 38 Federal Rules of Civil Procedure; determine that Defendant(s) Pipo's and Messmore's Property is in violation of the ADA and ADAAG; issue an injunction requiring said Defendant(s) to comply with the ADA and ADAAG with regard to its/their Property, and otherwise prohibit said Defendant(s) from continuing its/their discriminatory practices; award reasonable attorney's fees, costs, and litigation expenses; and grant Plaintiff further relief it deems appropriate in the premises.

## COUNT II
## Civil Rights Violation of Chapter 553, Florida Statutes

53. Plaintiff realleges and incorporated paragraphs 1 through 38 as if fully set forth herein, and makes the following additional allegations in the alternative.

54. The Florida Congress adopted and incorporated the ADA and ADAAG, as amended, and otherwise expanded its definitions of public accommodation for the inclusion of disabled persons in public places.

55. The FL ADAIA guarantees all people within the jurisdiction of Florida, no matter what their disabilities, the full and equal accommodations, advantages, facilities, privileges and services of all business establishments.

56. Defendant Pipo's owns, operates and/or leases a business establishment and place of public accommodation within the meaning of the FL ADAIA.

57. Defendant Messmore owns, operates and/or leases a business establishment and place of public accommodation within the meaning of the FL ADAIA.

58. Defendant Pipo's offers people within the jurisdiction of Florida Defendant's goods, services, accommodations, advantages and privileges of its Property.

59. Defendant Messmore offers people within the jurisdiction of Florida Defendant's goods, services, accommodations, advantages and privileges of its Property.

60. Because Defendant Pipo's has failed and continues to fail to provide full and equal access to its services, accommodations, advantages, facilities, and privileges offered to non-disabled persons, Defendant's actions are in violation of the FL ADAIA, ADA, and/or ADAAG.

61. Because Defendant Messmore has failed and continues to fail to provide full

and equal access to its services, accommodations, advantages, facilities, and privileges offered to non-disabled persons, Defendant's actions are in violation of the FL ADAIA, ADA, and/or ADAAG.

62. Plaintiff is entitled to injunctive relief remedying the herein-alleged discrimination under the FL ADAIA.

63. Pursuant to the FL ADAIA and ADA, Plaintiff's attorney is entitled to reasonable attorney's fees, costs and litigation expenses.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court prohibit Defendant(s) from spoliation of evidence pursuant to Rule 1.380 Florida Rules of Civil Procedure; require Defendant(s) to allow inspection of its Property pursuant to Rule 1.350 Florida Rules of Civil Procedure; grant trial by jury on all issues so justiciable pursuant to Rule 1.430 Florida Rules of Civil Procedure; determine that Defendant(s) Pipo's and Messmore's Property is in violation of the ADA, ADAAG, and FL ADAIA; issue an injunction requiring said Defendant(s) to comply with the ADA, ADAAG, and FL ADAIA with regard to its/their Property, and otherwise prohibit said Defendant(s) from continuing its/their discriminatory practices; award reasonable attorney's fees, costs, and litigation expenses; and grant Plaintiff such other and further relief it deems appropriate in the premises.

## COUNT III

## DECLARATORY RELIEF

64. Plaintiff realleges and reincorporates by reference the allegations contained in paragraphs 1 through 38 as if fully set forth herein, and makes the following additional allegations in the alternative.

65. An actual controversy has arisen and now exists between the parties in that

Plaintiff contends and believes Defendants Pipo's and Messmore, jointly and severally, have violated the ADA, ADAAG, and/or the FL ADAIA; Defendants Pipo's and Messmore, jointly and severally, deny the same.

66. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

67. A bona fide, actual, present practical need for a declaration exists.

68. The declaration requested concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

69. A privilege or right of the Plaintiff is dependent upon the facts or the law applicable to the facts.

70. The Plaintiff and Defendants Pipo's and Messmore have an actual, present, adverse and antagonistic interest in the subject matter, either in law or in fact.

71. The relief sought by the Plaintiff is not merely giving of legal advice or to answer questions propounded for curiosity.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court prohibit Defendant(s) from spoliation of evidence pursuant to Rule 1.380 Florida Rules of Civil Procedure and/or Rule 37(e) Federal Rules of Civil Procedure; require Defendant(s) to allow inspection of its/their Property pursuant to Rule 1.350 Florida Rules of Civil Procedure and/or Rule 34 Federal Rules of Civil Procedure; grant trial by jury on all issues so justiciable pursuant to Rule 1.430 Florida Rules of Civil Procedure and/or Rule 38 Federal Rules of Civil Procedure; declare judgment setting forth the rights and duties of the parties herein; determine that Defendant(s) Pipo's and Messmore's Property was in violation of the ADA, ADAAG, and/or the FL ADAIA at the time this action was commenced; issue an injunction requiring said

Defendant(s) to comply with the ADA, ADAAG, and/or FL ADAIA with regard to its/their Property, and otherwise prohibit said Defendant(s) from continuing its/their discriminatory practices; award reasonable attorney's fees, costs, and litigation expenses; and grant such other and further relief it deems appropriate in the premises.

    Respectfully submitted,

    MCDONALD & MINCE, PLLC

    _/s/ Melissa Gilkey Mince_____
    Melissa G. Mince, Esq. / FBN: 546230
    Email: mmince@mcdonaldandmincelaw.com
    Tel: 727- 687-9707
    Layla K. McDonald, Esq. / FBN: 11308
    Email: lmcdonald@mcdonaldandmincelaw.com
    Tel: 727-667-2269
    801 West Bay Drive, Suite 113
    Largo, Florida 33770
    Secondary Email: eserve@mcdonaldandmincelaw.com